UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD G. FRIES, JR.,

    Plaintiff,

v.                                                   CASE NO. 3:17-cv-234-J-34JBT

GOV. RICK SCOTT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the IFP Motion be **DENIED** and the case be **DISMISSED without prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## I. Background

On February 27, 2017, Plaintiff filed the IFP Motion along with the initial Complaint (Doc. 1). The Court took the IFP Motion under advisement and directed Plaintiff to file an amended complaint that cured the deficiencies addressed in that Order. (Doc. 7.) Regarding Plaintiff's initial Complaint, the Court stated in part:

> Plaintiff appears to be complaining about some sort of mandatory drug testing, but fails to provide any discernable factual information that, even liberally construed, could support a claim for relief.
>
> . . .
>
> To support this demand for relief, Plaintiff includes an incoherent and scattershot "Statement of Claim" section, which describes a missed flight from Los Angeles, California, interactions with Atlantic Beach police officers in 2010 and 2012, and a list of healthcare and laboratory service providers that have drug-tested Plaintiff along with the cost of some of those tests. (*See id.* at 7–9.) Plaintiff does not state how any of these events are related to each other or his demand for relief. Plaintiff also fails to show how this Court has jurisdiction over any claims he may be attempting to bring. . . .

(*Id.* at 4.) On April 17, 2017, Plaintiff filed an Amended Complaint (Doc. 9). However, as explained further herein, the undersigned recommends that the Amended Complaint suffers from the same defects as the initial Complaint.

## II. Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security

2

therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the IFP Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).

A complaint must contain a short and plain statement of the claim showing that a plaintiff is entitled to relief, which means that Plaintiff must include a short and plain statement of facts in support of his claims. *See* Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In

addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.* A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a).

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[2] As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

---

[2] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

### III. Analysis

Plaintiff's Amended Complaint does not meet the above requirements, because it is not a short and plain statement showing that Plaintiff is entitled to relief and it does not include "a statement of the grounds for the Court's jurisdiction." Fed. R. Civ. P. 8(a). Rather, like the initial Complaint, the Amended Complaint is a shotgun pleading that is disjointed, disorganized, and at least partially incomprehensible. Plaintiff has again failed to articulate his purported claims with sufficient clarity to allow any Defendant to frame a responsive pleading.

Plaintiff vaguely seeks "$2.5 million dollars for relief," a permanent injunction, and a "declaration that requiring suspicionless drug testing for pain treatment/pain medication is in violation of the Fourth Amendment right to be free from unreasonable searches." (Doc. 9 at 1, 6.) Plaintiff's purported claims appear to be based on some sort of allegedly mandatory drug testing performed by pain management clinics, as well as debt collection activity resulting from Plaintiff's failure to pay for the drug tests. (*See* Doc. 9.) However, as explained below, the undersigned recommends that Plaintiff has failed to sufficiently state any claim against any Defendant.

Similar to the initial Complaint, the bulk of the Amended Complaint consists of a list of "mandatory drug tests" and the cost of the tests. (*Id.* at 3–5.) Some of the entries on the list include additional information, such as the name of a particular laboratory service provider, doctor, or doctor's office associated with the test, whether the bill was sent to a collection agency after Plaintiff refused to pay

for the drug test, or the result of the test. (*Id.* at 4.) For example, in one entry, Plaintiff states that he "tested positive for amphetamines." (*Id.*) In addition, Plaintiff complains that he "cannot get a loan due to bad credit report/TRW, too many collection agencys [sic] adding in the thousands of dollars owed, all from drug testing bills from Jan. 2012 to 2016." (*Id.* at 5–6.)

"In order to receive declaratory or injunctive relief, [a plaintiff] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 255 F.3d 1234, 1242 (11th Cir. 2000). The undersigned recommends that the Amended Complaint does not state a claim for declaratory or injunctive relief. Plaintiff has not identified any rule or law that required the allegedly mandatory drug tests, he has not alleged any facts to show the private Defendants were acting under color of state law or acted improperly, nor has Plaintiff alleged a serious risk of irreparable injury for which there is no adequate remedy at law. Moreover, Plaintiff has not provided any theory of relief to support his claim for damages. Plaintiff has not alleged any facts to show why his failure to pay for the allegedly mandatory drug tests warrants an award of damages. In short, Plaintiff fails to provide any facts that, even liberally construed, could support a claim for relief.

Moreover, it is unclear exactly who Plaintiff is trying to sue in the Amended Complaint. The initial Complaint included a list of fourteen Defendants, including Governor Rick Scott, individual doctors, laboratory service providers, an urgent

6

care clinic, a pain management clinic, and collection agencies. (Doc. 1 at 1–5.) Because the Amended Complaint names "Gov. Rick Scott, et al." as "Defendants," it appears that Plaintiff intended to sue the same Defendants from the initial Complaint. However, Plaintiff does not include a list of Defendants in the Amended Complaint or set forth individual counts against any particular Defendant. Therefore, it is impossible to determine which Defendants Plaintiff is attempting to sue or the basis therefor. For these same reasons, the Amended Complaint fails to comply with Federal Rule of Civil Procedure 10(a), which states that "[t]he title of the complaint must name all the parties . . . ."

Plaintiff was instructed that if he failed to file an amended complaint in compliance with the previous Order, the undersigned would likely recommend that the District Judge deny the IFP Motion and dismiss the case. (Doc. 7 at 6.) Therefore, because the Amended Complaint fails to properly allege jurisdiction or state a claim upon which relief may be granted, the undersigned recommends that the IFP Motion be denied and the case be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The IFP Motion (**Doc. 2**) be **DENIED**.
2. The case be **DISMISSED without prejudice**.
3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 8, 2017.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff